UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JASON E. LELIO,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | Civ. No. 15-10335-MLW |
| | ) | |
| MARSH USA, INC.,<br>    Defendant. | )<br>)<br>) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                            September 29, 2015

Defendant Marsh USA Inc.'s ("Marsh's") Motion to Dismiss (the "Motion") is being denied. Its attack on plaintiff Jason E. Lelio's breach of contract claim depends on Marsh's Compensation Guide. However, Lelio appears to challenge the authenticity of the Compensation Guide, which is not expressly referenced in the Complaint. Therefore, it is not permissible to consider the Compensation Guide in deciding the Motion. See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993); Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). Moreover, it appears that after the Magistrate Judge denied Marsh's Motion to Seal the Compensation Guide, see Docket No. 20, Marsh decided not to rely on it because it is not in the record. If, as required, the Compensation Guide is not considered, Lelio has stated a plausible breach of contract claim. See Bell Atantic Corp. v. Twombly, 550 U.S. 544, 559 (2007); Brooks v. AIG SunAmerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007).

Lelio has also alleged a plausible claim of the breach of the covenant of good faith and fair dealing to which every contract in Massachusetts is subject. See <u>Ayash v. Dana-Farber Cancer Inst.</u>, 822 N.E.2d 667, 683-84 (Mass. 2005).

With regard to Lelio's claimed violation of the Massachusetts Wage Act, M.G.L. c. 149 §148, discretionary bonuses are not "wages." See <u>Weems v. Citigroup, Inc.</u>, 900 N.E.2d 89, 94 (Mass. 2009). However, it is the essence of Lelio's allegations that he had a contractual right to $60,000 as earned compensation income for 2013, and, therefore, the amount in dispute was not a discretionary bonus. Discovery will be necessary to permit a decision, on a motion for summary judgment or at trial, concerning whether the alleged bonus was discretionary or depended on some unfulfilled contingency. See <u>Weiss v. DHL Exp., Inc.</u>, 718 F.3d 39, 47-48 (1st Cir. 2013).

If Lelio has a meritorious breach of contract claim, his quantum meruit and promissory estoppel claims will fail. See <u>Santangelo v. New York Life Ins. Co.</u>, 7835 F.3d 65, 72 (1st Cir. 2015) ("A plaintiff is not entitled to recovery on a theory of quantum meruit where there is a valid contract that defines the obligations of the parties." (internal quotation marks omitted); <u>Dixon v. Wells Fargo Bank, N.A.</u>, 798 F. Supp. 2d 336, 357(D. Mass. 2011) ("Promissory estoppel, as an alternative to a breach of

contract claim, undeniably falls within the purview of traditional state law."). However, Federal Rule of Civil Procedure 8(d) expressly permits pleading claims to the plea in the alternative. See also Limone v. United States, 579 F. 3d 79, 93 (1st Cir. 2009). Lelio has pled promissory estoppel and quantum meruit claims on which he could plausibly recover if his breach of contract claim is not valid. See Backman v. Smirnov, 751 F.Supp.2d 304, 314 (D.Mass.2010) ("In Massachusetts, the elements of a quantum meruit recovery are: (1) the plaintiff conferred a reasonable benefit upon the defendants; (2) defendants accepted the services with the reasonable expectation of compensating the plaintiff; and (3) the plaintiff provided the services with the reasonable expectation of receiving compensation."); Wilson v. HSBC Mortg. Svcs., Inc., 744 F.3d 1, 14 (1st Cir. 2014) ("A plaintiff must allege and prove '(1) a representation intended to induce reliance on the part of a person to whom the representation is made; (2) an act or omission by that person in reasonable reliance on the representation; and (3) detriment as a consequence of the act or omission.'").

In view of the foregoing, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss (Docket No. 7) is DENIED;

2. This case is REFERRED to the Magistrate Judge for pretrial purposes or, if the parties consent, for all purposes.

/s/ Charles P. Vay
UNITED STATES DISTRICT JUDGE